UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE STANLI HALLMAN,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>WARDEN KELLY HARRINGTON,<br><br>　　　　　Respondent. | NO. CV 10-3374-DDP(E)<br><br>ORDER ADOPTING FINDINGS,<br>CONCLUSIONS AND RECOMMENDATIONS<br>OF UNITED STATES MAGISTRATE JUDGE |

　　　Pursuant to 28 U.S.C. section 636, the Court has reviewed the Petition, all of the records herein and the attached Report and Recommendation of United States Magistrate Judge. The Court approves and adopts the Magistrate Judge's Report and Recommendation, with the following changes:

　　　At page 11, lines 11-13, delete:

　　　However, there is no "actual innocence" exception to the habeas
　　　statute of limitations. See Lee v. Lampert, 610 F.3d 1125, 1133
　　　(9th Cir. 2010).

And replace this deleted portion with the following:

The Ninth Circuit has left open the possibility of an "actual innocence" exception to the statute of limitations for a petitioner who shows that, "in light of all the evidence, including evidence not introduced at trial, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" Majoy v. Roe, 296 F.3d 770, 776 (9th Cir. 2002) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995) ("Schlup")); see also Adams v. Harrison, 266 Fed. App'x 560, 561 n.1 (9th Cir. 2008).[5] Under the Schlup standard referenced in Majoy v. Roe, to show actual innocence sufficient to overcome a procedural default, a petitioner must furnish "'new reliable evidence . . . that was not presented at trial.'" See House v. Bell, 547 U.S. 518, 537 (2006) (quoting Schlup, 513 U.S. at 324; ellipses added); Griffin v. Johnson, 350 F.3d 956, 963 (9th Cir. 2003), cert. denied, 541 U.S. 998 (2004). Even assuming arguendo that Schlup's "actual innocence" exception extends to Petitioner's claims of sentencing error, see Dretke v. Haley, 541 U.S. 386, 393-94 (2004) (declining to address the issue whether "actual innocence" exception extends to challenges to noncapital sentences), Petitioner has failed to present any "new, reliable evidence" not presented at trial which shows Petitioner's alleged actual innocence of his crime or his

---

[5] On February 8, 2011, the Ninth Circuit granted rehearing en banc in Lee v. Lampert, 610 F.3d 1125, 1133 (9th Cir. 2010, rehearing granted, 633 F.3d 1176 (9th Cir. 2011), to review a panel decision holding that there exists no "actual innocence" exception to the habeas statute of limitations.

2

1  sentence.  See House v. Bell, 547 U.S. at 537; Schlup, 513 U.S.
2  at 324.

4  IT IS ORDERED that Judgment be entered denying and dismissing the
5  Petition with prejudice.

7  IT IS FURTHER ORDERED that the Clerk serve copies of this Order,
8  the Magistrate Judge's Report and Recommendation and the Judgment
9  herein on Petitioner, and counsel for Respondent.

11  LET JUDGMENT BE ENTERED ACCORDINGLY.

13  DATED: _____4-1-11_____, 2011.

_____
DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE